**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DARYL ARTHUR WITMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-08-1106-D |
| | ) |
| SHANE WYATT, Warden, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner appearing *pro se*, brings this action pursuant to 42 U.S.C. § 1983 alleging constitutional violations stemming from his confinement at the Grady County Detention Center. United States District Judge Timothy D. DeGiusti referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Plaintiff has filed a motion for default judgment to which the Defendants Shane Wyatt, Gary Bazemore, Bill Daugherty, Larry McGill, Vernon Harwell, and Randall Minks (hereinafter "Responding Defendants") have responded. Thus, the motion is at issue. For the following reasons it is recommended that Plaintiff's motion be denied.

Plaintiff filed his original complaint on October 16, 2008, naming as Defendants the Responding Defendants; John Doe, Sheriff of Grady County; John Doe/Jane Doe, Grady County Commissioners; Nurse Jane Doe; and Doctor John Doe. Complaint, p. 1-3.[1] On October 27, 2008, the undersigned ordered service of the complaint and the preparation of

---

[1] Plaintiff has inserted numerous pages into the complaint form used to initiate suit. Thus, instead of using the pre-printed page numbers at the bottom of the complaint form, the undersigned has physically hand-counted the pages of the complaint, and cites to them sequentially in the order in which they appear.

a Special Report pursuant to <u>Martinez v. Aaron</u>, 570 F.2d 317 (10th Cir. 1978).  Order Requiring Service and Special Report, Doc. No. 4.  According to this Order, the Special Report was to be submitted no later than 60 days from the date the Defendants were served with process.  <u>Id.</u>  Plaintiff then requested the issuance of summonses for the Responding Defendants named in the original complaint, which were forwarded to him for service on November 3, 2008.   Pro Se Litigant's Request for Issuance of 6 Summons, Doc. No. 7.  However, Plaintiff filed an amended complaint on November 24, 2008, naming as Defendants the Responding Defendants and Susan Winchester, who he identifies as a Grady County Commissioner.  Amended Complaint, p. 1-2.[2]  He requested the issuance of summonses for the six Responding Defendants and for the Defendant Winchester, which were issued and forwarded to him for service on the same day.  <u>See</u> Pro Se Litigant's Request for Issuance of 7 Summons, Doc. No. 9.  Plaintiff filed executed returns purporting to demonstrate that proper service was accomplished on the Responding Defendants and on the Defendant Winchester on November 25, 2008.  <u>See</u> Summons, Doc. Nos. 11-17.  Responding Defendants filed their answers and the Special Report on January 26, 2009.  <u>See</u> Answer, Doc. Nos. 22-33, Special Report, Doc. No. 34.

In support of his motion for default judgment, Plaintiff contends that Defendants are in default because they did not timely file the Special Report.  Motion, p. 2.  Responding Defendants' response notes that the deadline for filing the Special Report, January 24, 2009,

---

[2] As with the original complaint, the document filed as the amended complaint contains numerous inserted pages.  Again, the undersigned has physically hand-counted the pages of the complaint, and cites to them sequentially in the order in which they appear.

fell on a Saturday which gave them until the following Monday, January 26, 2009, to file the Special Report; therefore, they contend, it was timely filed. Response, p. 2.

When a defendant fails to "plead or otherwise defend," default must be entered by the clerk of the court. Fed. R. Civ. P. 55(a). Thereafter, the plaintiff may ask the Court to enter a default judgment. See Fed. R. Civ. P. 55(b)(2). Without an entry of default, the Court cannot grant judgment. See Garrett v. Seymour, No. 06-7029, 217 Fed. Appx. 835, 838 (10th Cir. Feb. 23, 2007) (noting that the clerk's entry of default is a prerequisite for the entry of a default judgment);[3] see also Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998) ("[E]ntry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b).").

In this action, there has been no entry of default. Therefore, Plaintiff may not obtain a default judgment. See id. Furthermore, the Responding Defendants have not "failed to plead or otherwise" defend themselves by failing to timely file the Special Report as Plaintiff argues. The Order Requiring Service and Special Report directed Defendants to file the Special Report within 60 days of the date on which they were served. The summons returns Plaintiff filed show that process was mailed to the Defendants on November 25, 2008. See Doc. Nos. 11-17. However, because the summons and amended complaint were not mailed by certified mail, return receipt requested with delivery restricted to the addressee, it is impossible to know when Defendants received them or to calculate the exact date on which

---

[3] This and any other unpublished disposition are cited pursuant to Fed. R. App. P. 32.1 and Tenth Circuit Rule 32.1.

the Special Report was due. But if Plaintiff's November 25, 2008, mailing date is used as the service date, then the Special Report was due at the very earliest, as Responding Defendants argue, on January 24, 2009, which allowed them until January 26, 2009, to file the report. See Fed. R. Civ. P. 6(a)(3). Thus, the Special Report and the Responding Defendants' answers were timely.

Plaintiff has also named Susan Winchester, who he alleges is a Grady County Commissioner, John and Jane Doe Grady County Commissioners, Sheriff John Doe, Nurse Jane Doe, and Doctor John Doe as Defendants (the "Non-Appearing Defendants"). Complaint, p. 3; Amended Complaint, p. 1. Though these Defendants have not entered appearances, Plaintiff is not entitled to a default judgment against them because the Defendant Winchester is the only one of these Defendants that he has attempted to serve and he has not proven that she has been properly served with process. See, e.g., Hukill v. Okla. Native Am. Domestic Violence Coal., 542 F.3d 794, 802 (10th Cir. 2008) (concluding that default judgment should have been set aside because the plaintiff did not properly serve the defendant).

Service of process upon an individual is governed by Rule 4(e) of the Federal Rules of Civil Procedure. Rule 4(e) permits service of the summons and of the complaint upon an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1); see also Hukill, 542 F.3d at 797. Oklahoma law provides for service to be effected by mail when a copy of the summons and [complaint] is mailed to the

defendant "by certified mail, return receipt requested and delivery restricted to the addressee." Okla. Stat. tit. 12, § 2004(C)(2)(b). That statute further provides that service by mail shall not be the basis for the entry of default judgment unless the record contains a return receipt showing acceptance of the mail by the named defendant or his/her refusal to accept it. Okla. Stat. tit. 12, § 2004(C)(2)(c). Federal law provides that an affidavit from the process server is required to prove service to the court unless service is completed by a United States marshal or deputy marshal. Fed. R. Civ. P. 4(l)(1). The bottom line is that under either state or federal law, proof of service must be shown.

Here, no executed return or process server's affidavit demonstrating proper service upon Defendant Winchester has been filed, although Plaintiff filed a return that he executed which purports to show proper service upon her. That return indicates that Plaintiff attempted to serve Defendant Winchester by mailing, via first-class mail, a copy of the summons and complaint to her at the address for the Grady County Courthouse. Summons, Doc. 15. But ordinary first-class mail is not an acceptable method to serve a defendant under Oklahoma law, see Okla. Stat. tit. 12, § 2004(C)(2)(b), and therefore is not an valid means for completing service under Rule 4. Accordingly, Plaintiff has not shown that Defendant Winchester has been properly served. Furthermore, there is no proof of service, or even requests for the issuance of a summons for the other Non-Appearing Defendants. Thus, as there is no proof that Plaintiff has accomplished proper service on the Non-Appearing Defendants, they are not in default, and Plaintiff's motion for a default judgment against them should be denied.

Moreover, a plaintiff is responsible for accomplishing service upon each defendant and if service is not made within 120 days after filing of the complaint, the Court may dismiss the action against an unserved defendant without prejudice. Fed. R. Civ. P. 4(m). The undersigned authorized service of the complaint upon the Responding Defendants and the John Doe/Jane Doe Defendants on October 27, 2008, 157 days ago. Further, Plaintiff named the Defendant Winchester in his amended complaint filed on November 24, 2008, which was over 120 days ago and he has not shown that he has accomplished proper service upon her, any other Grady County Commissioners, or upon the Defendants named as Sheriff John Doe, Nurse Jane Doe and Doctor John Doe. Plaintiff therefore has not complied with Rule 4(m)'s requirement that service be completed within 120 days of the date the complaint is filed. Accordingly, Plaintiff should be given 20 days from the date of any order adopting this Report and Recommendation within which to file proof of proper service or show good cause why service has not been made timely and properly. Absent a showing of service or good cause, the undersigned will recommend that this action be dismissed without prejudice against these Defendants.

Finally, the undersigned has reviewed Plaintiff's amended complaint and has determined that it should be treated as a Rule 23 motion for class certification rather than as an amended complaint. An amended pleading "supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified." Callahan v. Poppell, 471 F.3d 1155, 1161 (10th Cir. 2006) (quotation omitted). In the amended complaint, Plaintiff states that he wishes "to amend [the original] complaint to a class action

. . . ." and that the allegations contained within the amended complaint are intended to supplement rather than supercede the allegations of the original complaint. See Amended Complaint, pp. 3-4. Accordingly, the undersigned will evaluate it as a motion for class certification.

In determining the propriety of class certification, the threshold inquiry is whether the plaintiff has demonstrated the existence of the preconditions to class certification found in Rule 23(a), specifically: numerosity, commonality, typicality, and adequacy of the named parties to represent the class. See Trevizo v. Adams, 455 F.3d 1155, 1161-62 (10th Cir. 2006) (applying Fed. R. Civ. P. 23(a)). Thus, the Court must decide whether:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Shook v. El Paso County, 386 F.3d 963, 971 (10th Cir. 2004) (quoting Fed. R. Civ. P. 23(a)). In making this inquiry, the Court must "accept the substantive allegations of the complaint as true, although it need not blindly rely on conclusory allegations which parrot Rule 23 and may consider the legal and factual issues presented by [the] plaintiff's complaints." Id. at 968 (internal citations and quotations omitted).

The undersigned concludes that Plaintiff cannot meet the fourth element of class certification, that is, he is not able to fairly and adequately protect the interests of the class. The Tenth Circuit Court of Appeals has remarked that "[a] litigant may bring his own claims to federal court without counsel, but not the claims of others . . . because the competence of

7

a layman is clearly too limited to allow him to risk the rights of others." Fymbo v. State Farm Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000). Accordingly, *pro se* litigants are not permitted to serve as class representatives because they do not meet the adequacy of representation requirement of Rule 23(a). See id. Furthermore, the Tenth Circuit Court of Appeals has concluded that a *pro se* prisoner could not serve as a class representative for a proposed class of prisoners. See, e.g., Sule v. Story, No. 95-1422, 1996 WL 170156, at *3 (April 11, 1996) (concluding that district court did not abuse its discretion by refusing to certify class because proposed class representative would have been *pro se* prisoner, citing Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975), for the proposition that *pro se* prisoners are not adequate representatives of a class).

Here, because Plaintiff is a prisoner proceeding *pro se*, he is unable to fairly and adequately represent the interests of the other members of the proposed class. See id. Accordingly, his motion for class certification should be denied.

## RECOMMENDATION

For the foregoing reasons, it is recommended that:

(1) Plaintiff's Motion for Default Judgment [Doc. No. 35] be **DENIED;**

(2) Plaintiff's "Motion for Appointment of Counsel" [Doc. No. 36] be **DENIED** without prejudice to refiling at a later date.[4]

---

[4] This motion should be denied for the same reasons set forth in the undersigned's order of December 3, 2008. Namely that, after considering the factors set forth in Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995), Plaintiff has shown competence in his ability to present his claims and make cogent legal arguments, and the issues do not appear to be complex at this juncture.

(3) Plaintiff's motion for class certification, filed as an amended complaint [Doc. No. 8] be **DENIED**;

(4) Plaintiff be given 20 days from the date of any order adopting this report and recommendation within which to file proof of proper service on the Non-Appearing Defendants or show good cause why service has not been made upon them timely and properly. Absent a showing of service or good cause, this action should be dismissed without prejudice against these Defendants.

The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by April 22, 2009, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation does not dispose of all issues referred to the undersigned Magistrate Judge.

**ENTERED this 2nd day of April, 2009.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE