**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **DARYL ARTHUR WITMER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. CIV-08-1106-D** |
| | ) | |
| **SHANE WYATT, Warden, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner appearing *pro se*, brings this action pursuant to 42 U.S.C. § 1983

alleging constitutional violations stemming from his confinement at the Grady County

Detention Center.  United States District Judge Timothy D. DeGiusti referred the matter to

the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §

636(b)(1)(B).  Defendant Susan Winchester has filed a motion to dismiss Plaintiff's claims

against her, to which Plaintiff has responded with his own motion to dismiss Defendant

Winchester.  For the following reasons, it is recommended that Defendant Winchester's

motion to dismiss be granted, and that Plaintiff's motion to dismiss be denied as moot.

Plaintiff filed his original complaint on October 16, 2008, and named John Doe/Jane

Doe members of the Board of County Commissioners of Grady County as Defendants in this

suit, among other Defendants.  See Complaint, p. 3.[1]  He then filed a document that he called

an amended complaint on November 24, 2008, and specifically named Defendant

---

[1] Plaintiff has inserted numerous pages into the complaint form used to initiate suit.  Thus, instead
of using the pre-printed page numbers at the bottom of the complaint form, the undersigned has physically
hand-counted the pages of the complaint, and cites to them sequentially in the order in which they appear.

Winchester, in her capacity as a member of the Board of County Commissioners of Grady

County, as a Defendant.  See Amended Complaint, p. 2.  While there has been no showing

that the Defendant Winchester has been properly served and she has not answered, she did

file a motion to dismiss Plaintiff's claims against her.  In her motion to dismiss, Defendant

Winchester argues that Plaintiff's claims against her should be dismissed because she did not

personally participate in any of the events made the basis of Plaintiff's suit.  Defendant's

Motion, p. 2.  In support, Defendant Winchester notes that she is not currently, and never has

been, a member of the Board of County Commissioners of Grady County.  Id. at Ex. 1.  In

response, Plaintiff filed a motion to dismiss Defendant Winchester and explained therein that

he named Winchester as a Defendant based upon his erroneous belief that she was a member

of the Board of County Commissioners of Grady County.  Plaintiff's Motion, p. 1.  Plaintiff

explicitly requests that all his allegations against Defendant Winchester be dismissed. Id. at

2.

        Personal participation is an essential element of a § 1983 claim.  Bennett v Passic, 545

F.2d 1260, 1262-63 (10th Cir. 1976).  As a result, an individual incurs no § 1983 liability for

conduct that results in the deprivation of a constitutional right unless an "affirmative link"

exists between the deprivation and either the individual's personal participation, her exercise

of control or direction, or her failure to supervise.  Meade v. Grubbs, 841 F.2d 1512, 1527

(10th Cir. 1988); see also Coleman v. Turpen, 697 F.2d 1341, 1347 n.7 (10th Cir. 1982)

(*respondeat superior* generally does not apply to § 1983 cases).  Considering the parties'

submissions, the undersigned concludes that Defendant Winchester's motion to dismiss

should be granted.  Defendant Winchester has shown that she has no personal connection to

the events made the basis of Plaintiff's suit, see Defendant's Motion, p. 2, and Plaintiff

himself concedes that she should not be a Defendant in this suit and that he erroneously

named her as a Defendant.  Plaintiff's Motion, pp. 1-2.  Accordingly, Defendant

Winchester's motion to dismiss Plaintiff's claims against her based upon a lack of personal

participation should be considered confessed and granted, and Plaintiff's motion to dismiss

his claims against Defendant Winchester should be denied as moot.

Additionally, Plaintiff filed a "Motion for Leave of Court to Amend Petition File

Summons for Non-Appearing Defendants," which the undersigned reads as a motion for

leave to amend the amended complaint.  In that motion, Plaintiff states that he believes his

live complaint suffers from several deficiencies and he requests leave to amend it to cure

those deficiencies.  Plaintiff also submitted several documents as Exhibits 1, 7, and 8, which

he asks the Court to consider as a "rebuttal" to the Special Report filed in this action.  See

Plaintiff's Motion for Leave to Amend, p. 1.

According to Rule 15, a party may amend its pleading once as a matter of right;

thereafter it may amend its pleading only with the opposing party's written consent or leave

of the court.  See United States ex rel. Ritchie v. Lockheed Martin Corp., 558 F.3d 1161,

1166 (10th Cir. 2009).  Plaintiff has already amended his complaint once as a matter of

course; therefore, he may only amend his complaint with leave of the Court.  "The court

should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

After considering the factors set forth in Foman v. Davis, 371 U.S. 178, 182 (1962),

the undersigned concludes that granting leave to amend is not appropriate at this time.

Plaintiff has not identified any specific changes he would like to make by amending his

complaint, but rather states in his motion for leave to amend that he "now see[s] the many

mistakes made in his original and amended Petition," and gives examples of those

"mistakes," including deficiencies with service of process, improperly seeking class status,

and failing to allege constitutional violations committed by the individual Defendants.  See

Motion for Leave to Amend, p. 1.

The complaint need only contain a "short and plain statement of the claim showing

that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Aside from Defendant

Winchester, none of the Defendants has challenged the sufficiency of the allegations of

Plaintiff's original or amended complaints, or otherwise argued that Plaintiff has failed to

state a claim for relief against them.  Thus, at this time, Plaintiff has not demonstrated any

need to make changes to his pleading to adequately allege constitutional violations against

the Defendants.  Plaintiff's attempt to bring  his claims as a class action will be addressed by

Judge DeGiusti when he rules on the undersigned's previous Report and Recommendation

concerning Plaintiff's ability to bring class claims. Accordingly, Plaintiff's admitted mistake

in attempting to bring class claims as a *pro se* litigant creates no need to amend Plaintiff's

pleadings.  Further, Plaintiff may address the deficiencies in service without amending his

pleadings; therefore, his failure to timely and properly serve some of the Defendants in this

suit does not provide a reason for granting Plaintiff leave to amend at this time.  Accordingly,

the undersigned denies Plaintiff's motion for leave to amend without prejudice to Plaintiff

filing another motion for leave to amend if one becomes appropriate at a later point in the proceedings.

### RECOMMENDATION

For the foregoing reasons, it is recommended that:  Defendant Winchester's Motion to Dismiss and Brief in Support [Doc. No. 45] be **GRANTED**; in light of this recommendation, it is further recommended that Plaintiff's Motion to Dismiss [Doc. No. 49] be **DENIED** as moot.  Finally, Plaintiff's motion for leave to amend [Doc. No. 50] is **DENIED**.

The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by June 1, 2009, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation disposes only of Plaintiff's claims against Defendant Susan Winchester; at this time, all of Plaintiff's claims against all other Defendants remain pending before the undersigned.

**ENTERED this 12ᵗʰ day of May, 2009.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE