**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **DARYL ARTHUR WITMER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. CIV-08-1106-D |
| | ) | |
| **SHANE WYATT, Warden, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging constitutional violations stemming from his confinement at the Grady County Detention Center. United States District Judge Timothy D. DeGiusti referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). The matter is currently before the undersigned pursuant to an order directing Plaintiff to show cause why his claims against certain John Doe/Jane Doe Defendants should not be dismissed based upon his failure to serve them in the time and manner dictated by Federal Rule of Civil Procedure 4.

Plaintiff filed his complaint on October 16, 2008. See Complaint, Doc. No. 1. After Plaintiff paid the filing fee, the undersigned, on October 27, 2008, authorized service of the complaint. See Order Requiring Service and Special Report, Doc. No. 6. In a Report and Recommendation issued April 2, 2009, the undersigned noted that the 120-day time period allotted by Rule 4(m) for completion of proper service upon all Defendants had expired, and that Plaintiff had not even attempted to serve the Defendants Sheriff John Doe, John

Doe/Jane Doe County Commissioners, Nurse Jane Doe and Doctor John Doe.[1]  See Report and Recommendation, p. 6, Doc. No. 43.  Consequently, in a May 20, 2009, order adopting the Report and Recommendation, Judge DeGiusti gave Plaintiff 20 days from the date of his order, until June 9, 2009, within which to file proof of proper service upon the un-served John and Jane Doe Defendants.  To date, Plaintiff has filed nothing showing that proper service has been made upon those Defendants. Plaintiff's only filings since Judge DeGiusti's May 20 order are an objection to Defendants' "premature" discovery, see Objection to Defendants Premature Discovery/Interrogatories, Doc. No. 57, and a Motion for Supplemental/Summons, which appears to be a motion for leave to amend the complaint to specifically identify Doctor John Doe as Dr. Carl Laffon and John Doe/Jane Doe as the Grady County Board of Commissioners.  See Motion for Supplemental/Summons, Doc. No. 56.  Since the named Defendants have answered the complaint, this Report and Recommendation is limited to the Defendants identified as Sheriff John Doe, John Doe/Jane Doe County Commissioners, Nurse Jane Doe and Doctor John Doe.

     Plaintiff is required to serve each Defendant with a summons and a copy of the complaint.  See Fed. R. Civ. P. 4(c)(1).  If service is not made within 120 days after filing of the complaint, the Court may dismiss the action against an unserved defendant without prejudice.  Fed. R. Civ. P. 4(m).  Here, approximately eight months have elapsed since Plaintiff filed his complaint and the undersigned authorized service, and service upon the

---

[1] Plaintiff also named six individuals as Defendants but he had properly served them and they had filed answers to the complaint.

John and Jane Doe Defendants has not been completed.  Although Plaintiff is a pro se litigant, he is required to comply with the same rules of procedure governing other litigants, including Rule 4.  Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992); DiCesare v. Stuart, 12 F.3d 973, 980 (10th Cir. 1993).  Thus, Plaintiff's failure to complete proper service on the John and Jane Doe Defendants within the time limits prescribed by Fed. R. Civ. P. 4(m) is grounds for dismissal of his claims against them in the absence of justification for the failure.  See Jones v. Frank, 973 F.2d 872, 873-74 (10th Cir. 1992).

The preliminary inquiry under Rule 4(m) is to determine whether a plaintiff has shown good cause for his failure to timely effect service.  Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995).  In this regard, it is noted that Plaintiff has not responded to the undersigned's order directing him to show cause for his failure to timely serve the John and Jane Doe Defendants.  He has informed the Court of no effort he has made to discover the names of the John and Jane Doe Defendants or apprised the Court of circumstances to take into consideration which may excuse his failure to serve these Defendants even though eight months have lapsed since he filed his complaint and over two months have passed since Plaintiff was first warned that these Defendant would be dismissed if he did not serve them or show cause for his failure to do so.  Accordingly, Plaintiff has not shown good cause for his failure to serve the John and Jane Doe Defendants.  Nevertheless, the Court must still consider whether a permissive extension of time to serve them is warranted in light of several factors.  Id. at 841-42.

Specifically, the Tenth Circuit Court of Appeals has noted that a permissive extension

of time may be warranted "if the applicable statute of limitations would bar the refiled action," or where "policy considerations might weigh in favor of granting a permissive extension of time . . . ." Espinoza, 52 F.3d at 842 (quotation and citation omitted). Additionally, as to pro se litigants, "[t]he district court should also take care to protect *pro se* plaintiffs from consequences of confusion or delay attending the resolution of an *in forma pauperis* petition." Id. at 842 n.8 (quotation omitted).

At this juncture, an additional permissive extension of time is not warranted. The statute of limitations governing Plaintiff's claims against the John and Jane Doe Defendants has not expired and will not expire in the imminent future. A two-year statute of limitations governs § 1983 claims arising out of conduct that occurred in Oklahoma. See Meade v. Grubbs, 841 F.2d 1512, 1524 (10th Cir. 1988). In his complaint, Plaintiff brings claims based upon an alleged assault committed against him by another inmate on July 27, 2008, and claims focusing upon the general conditions of the Grady County Detention Center wherein he alleges he was first confined on July 15, 2008. See Complaint, pp. 2, 3. Thus, Plaintiff has until at least July 15, 2010, to re-file a suit against the John and Jane Doe Defendants if his current claims against them are dismissed without prejudice based upon his failure to timely serve them. Furthermore, Oklahoma's savings statute will provide Plaintiff with an additional period of time to bring an action against the John and Jane Doe Defendants if Plaintiff's claims against them are dismissed pursuant to Rule 4(m). See Okla. Stat. tit. 12, § 100; see also Grider v. USX Corp., 847 P.2d 779, 783 (Okla. 1993) (noting that Okla. Stat. tit. 12, § 100 "applies to extend the limitations period regardless whether the

dismissed suit was filed in state court or federal court sitting within the state of Oklahoma."); Williams v. City of Guthrie, No. 03-6212, 109 Fed. Appx. 283, 286 (10th Cir. Sept. 8, 2004) (applying Oklahoma savings statute to § 1983 claim filed in federal court).[2]  Therefore, this factor counsels towards dismissal.  Further, there does not appear to be any policy consideration that may warrant granting Plaintiff an extension of time to serve the John and Jane Doe Defendants.  Moreover, there was no confusion or delay in resolving an in forma pauperis application as Plaintiff did not apply to proceed in forma pauperis.  Therefore, these factors suggest that dismissal is warranted.  Plaintiff's failure to timely serve the John and Jane Doe Defendants appears to be the result of nothing more than his lack of effort to timely do so.  Such does not merit an additional extension of time to complete service.

In light of the foregoing, it is recommended that all of Plaintiff's claims against the John and Jane Doe Defendants be dismissed without prejudice pursuant to Rule 4(m) based upon Plaintiff's failure to timely serve them.  Krueger v. Doe, No. 98-6144, 1998 WL 717286 (10th Cir. October 14, 1998) (upholding dismissal of pro se prisoner's complaint for failure to effect service on a defendant even though the statute of limitations had likely expired, and despite the fact that the plaintiff had made substantial effort to locate the defendant.)

On a related note, Plaintiff filed a document he titled a "Motion for Supplemental/Summons" on June 15, 2009, wherein he essentially seeks leave to amend his

---

[2] This and any other unpublished disposition are cited as persuasive authority pursuant to Federal Rule of Appellate Procedure. 32.1 and Tenth Circuit Rule 32.1.

complaint to name Doctor John Doe as Dr. Carl Laffon and John Doe/Jane Doe County Commissioners as the Grady County Board of Commissioners.  See Motion for Supplemental/Summons, Doc. No. 56.  After considering the factors set forth in Foman v. Davis, 371 U.S. 178, 182 (1962), given the foregoing circumstances discussed above, and the recommended disposition of Plaintiff's claims against the John and Jane Doe Defendants, it is recommended that this motion be denied as belated.

Additionally, Plaintiff has filed an "objection" to discovery requests that certain Defendants have served upon him, including interrogatories, a request for admissions, and a request for production of documents.  See Objection to Defendants Premature Discovery/Interrogatories, Doc. No. 57.  Plaintiff contends that the discovery request is premature because the court-ordered Martinez Report has not yet been filed. Id.  This contention is baseless.  The Martinez Report, also known as a Special Report, was filed on January 26, 2009, and the Certificate of Service included with the Martinez Report demonstrates that a copy of the report was served upon Plaintiff.  See Special Report, p. 7, Doc. No. 34.  Plaintiff also filed a response to the Special Report on May 8, 2009.  See Plaintiffs Rebuttal of Special Report, Doc. No. 51.  Now that the Special Report has been filed, discovery is permitted under the Order requiring the Special Report.  See Order Requiring Service and Special Report, p. 2., Doc No. 6.  Plaintiff is thus explicitly cautioned that his refusal to participate in discovery may result in the imposition of sanctions, including dismissal with prejudice of this action.  See Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

## **RECOMMENDATION**

For the reasons set forth above, it is recommended that Plaintiff's claims against the John and Jane Doe Defendants be dismissed without prejudice pursuant to Rule 4(m). It is further recommended that Plaintiff's Motion for Supplemental/Summons [Doc. No. 56] be **DENIED.**

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by July 14, 2009, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation, if adopted, would dispose of all claims against Sheriff John Doe, John Doe/Jane Doe County Commissioners, Nurse Jane Doe and Doctor John Doe. The issues remaining to be resolved would be Plaintiff's claims against Shane Wyatt, Gary Bazemore, Bill Daugherty, Larry McGill, Vernon Harwell and Randall Minks.

**ENTERED this 24th day of June, 2009.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE