**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **DARYL ARTHUR WITMER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. CIV-08-1106-D |
| | ) | |
| **SHANE WYATT, Warden, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff, a state prisoner appearing *pro se,* has filed this action pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights. United States District Judge Timothy D. DeGiusti has referred the matter to the undersigned Magistrate Judge.  Currently before the Court is Plaintiff's Motion for Voluntary Dismissal.  Plaintiff recites that he is unable to prosecute the matter diligently due to deteriorating health problems, limited access to facility law libraries due to a lock down, denial of his request for counsel, and denial of his motion to amend his complaint to add two parties. Defendants have responded to the motion, objecting on grounds that "[a]llowing Plaintiff to voluntarily dismiss this action without prejudice with the intention of refiling this same action at a later date would result in the needless waste of time and resources for the Defendants."  Defendant's Response, ¶ 7. Liberally construing Plaintiff's motion as one under paragraph two of Rule 41(a), the undersigned recommends that Plaintiff's motion for dismissal without prejudice be granted.

Rule 41(a)(2) controls voluntary dismissals after the opposing party files an answer. Under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Thus, a dismissal without prejudice under Rule 41(a)(2) depends on the district court's discretion. American Nat. Bank and Trust Co. v. Bic Corp., 931 F.2d 1411, 1412 (10th Cir.1991). "[C]ourts generally allow dismissal without prejudice unless the defendant will suffer some plain legal prejudice." Wimber By and Through Wimber v. Department of Social and Rehabilitation Services, 156 F.R.D. 259, 261 (D.Kan.1994). "Plain legal prejudice 'is just that-prejudice to some legal interest, some legal claim, some legal argument.'" Mayes v. Fujimoto, 181 F.R.D. 453, 456 (D. Hawaii 1998) (quoting Westlands Water Dist. v. United States, 100 F.3d 94, 97 (9th Cir.1996)), aff'd, 173 F.3d 861 (9th Cir.1999).

Thus, the court must consider "'whether the opposing party will suffer prejudice in the light of the valid interests of the parties.'" Clark v. Tansy, 13 F.3d 1407, 1411 (10th Cir.1993) (quoting Barber v. General Electric Co. 648 F.2d 1272, 1275 (10th Cir.1981)). The factors relevant in determining whether defendants would suffer legal prejudice include:

> the defendants' efforts and funds expended towards preparing for trial; the plaintiff's undue delay or lack of diligence in prosecuting the action; the adequacy of the plaintiff's explanation for needing to dismiss; the plaintiff's diligence in moving to dismiss; the present stage of litigation; and duplicative expenses involved in a likely second suit.

Nunez v. IBP, Inc., 163 F.R.D. 356, 359 (D. Kan.1995); see Clark, 13 F.3d at 1411. Neither the mere prospect of a second lawsuit nor a tactical advantage to the plaintiff amounts to legal prejudice. American Nat. Bank, 931 F.2d at 1412.

First, the undersigned notes that although this case has been pending since October 2008, and several preliminary motions have been filed and disposed of, there is no scheduling order or pending dispositive motion on behalf of the remaining Defendants. Second, although generally referring to wasted time and resources in the form of written discovery and Plaintiff's deposition, Defendants have not specified either the prejudice or the conditions that they believe would ameliorate the same upon refiling. In particular, they have not indicated that it would be necessary to repeat any of the expenses already incurred in the event the action is refiled. Third, the incident giving rise to Plaintiff's claim arose on July 27, 2008. Thus, at least under Oklahoma law where this action arose, the statute of limitations is two years, giving Plaintiff until approximately July 27, 2010 to refile the action. See Okla. Stat. tit. 12, § 95(3); see also Meade v. Grubbs, 841 F.2d 1512, 1522 (10th Cir. 1988).[1] Finally, the undersigned is sensitive to the obstacles faced by Plaintiff, who is appearing pro se in this action. He has obviously been circumspect about his ability to prosecute this claim at this time, and is taking an action that appears to be reasonable based upon the representations made in his motion. Accordingly, it is recommended that Plaintiff's motion [Doc. No. 62] be granted, and that this action be dismissed without prejudice to re-filing.

---

[1] Oklahoma law provides that when an action is timely and dismissed for reasons unrelated to the merits, the plaintiff may commence a new action within one year of the dismissal although the time limit for commencing the action shall have expired before the new action is filed. Okla. Stat. tit. 12 § 100; see also Grider v. USX Corp., 847 P.2d 779, 783 (Okla. 1993) (Okla. Stat. tit. 12, § 100 "applies to extend the limitations period regardless whether the dismissed suit was filed in state court or federal court sitting within the state of Oklahoma"). Thus, Plaintiff would have until August 2010 to re-file this action if this Report and Recommendation is adopted.

**RECOMMENDATION**

For the reasons stated above, it is recommended that Plaintiff's motion for voluntary dismissal [Doc. No. 62] be granted and that this action be dismissed without prejudice to refiling. The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by August 31, 2009, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. The parties are further advised that failure to timely object to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F. 2d 656 (10th Cir. 1991). This recommendation disposes of all issues referred to the undersigned.

**ENTERED this 11th day of August, 2009.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE